J. E. CRUTCHFIELD, Trustee, v. Z. P. ROWE and Wife.

(Filed 25 October, 1922.)

1. **Bills and Notes—Negotiable Instruments—Banks and Banking—Purchase—Due Course.**

Where one of two partners has given his individual note to the other to be discounted at a bank, and the one thus acting as the agent for the other has placed the proceeds to the partnership credit, and has checked it out for partnership purposes, in the firm's name, the maker of the note is guilty of negligence in not notifying the bank of his partner's want of authority to thus check out the funds until after the maturity of the note;

and the bank, being an innocent purchaser for value and in due course may recover on the note, irrespective of the question of whether the maker of the note had received benefit from the transaction.

**2. Same—Evidence.**

Upon the question of whether a bank, discounting a note of an individual partner, at the instance of his copartner, was a purchaser in due course for value, without notice, it is competent for the cashier, as both substantive and corroborative evidence, to testify that the partner making the transaction informed him at the time that the proceeds were the contribution of the maker to the partnership funds, and in contradiction of the maker's testimony of the lack of the authority of his partner to place the proceeds to the partnership credit, and check on it in the partnership name for partnership purposes, upon which he relies in defense to the bank's action upon the note.

**3. Same—Principal and Agent—Partnership.**

Where a partner makes his individual note and gives it to his copartner to have discounted at a bank, it is with the ordinarily implied authority for the partner so acting to place the proceeds to the partnership credit, and check it out under the partnership name for partnership purposes; and the bank discounting the note without notice of the maker's claim to the contrary is a purchaser in due course, and may recover in its action upon the note against the maker.

**4. Appeal and Error—Instructions—Reversible Error.**

Where the court has erroneously instructed the jury that an innocent holder for value of the note sued on, and without notice of its infirmity, is not entitled to recover if the defendant has not received value therefor; a correct instruction elsewhere appearing in the charge is contradictory and does not relieve the error from prejudice.

APPEAL by plaintiff from *Connor, J.,* at November Term, 1922, of PENDER.

On 21 August, 1920, Z. P. Rowe and wife executed to J. E. Crutchfield, trustee for the Planters Bank and Trust Company, their note for $2,000, secured by a deed in trust of even date, duly recorded in Pender, on a one-half undivided interest in a tract of land therein described. He had conveyed the other undivided half interest in the land to J. P. Fellows for $12,500. The said $2,000 note was discounted at the said bank immediately upon its execution and delivery, and the proceeds were placed to the credit of Rowe and Fellows. Rowe and Fellows were farming as partners upon the said land, in which each owned an undivided one-half interest. The farming agreement was that each was to furnish one-half of the money to carry on said farming operations, and, prior to 21 August, Fellows had furnished his part of said money, and it had been used in the operation of a partnership farm. Rowe testified: "After wife and I signed the mortgage before a magistrate, I gave it to him to bring back here to put to my credit, and I handed the papers to

Fellows to take to the bank. When Crutchfield sent me notice that the note was 90 days past due, I think I went up there and told him I was not going to use the money, that he could cancel the mortgage." Rowe added that he did not know whether Fellows got the money or not, but he did not get it; that he decided to mortgage his half of the farm for the $2,000, and he told the magistrate to carry the note to Fellows, who was to carry it to the bank to see whether it was O.K. or not. That he never said anything to the bank officers about it; that Fellows told him he had delivered the note and mortgage to the bank, but did not tell him that he got the money; that he himself never did anything about it until the note was due, and that in the meantime he and Fellows had fallen out. Three months later he saw Crutchfield, the cashier, who told him that the money had been put to the credit of Rowe and Fellows, and had been drawn out on their checks. He asked Fellows about it, and told him he understood the money had been drawn out, and he replied, "Yes." The jury having found the issue in favor of the defendant, the plaintiff appealed.

*Bland & Bland, J. J. Best, and H. L. Stevens for plaintiff.*
*C. E. McCullen and C. D. Weeks for defendant.*

CLARK, C. J. The defendant Rowe testified that after the note had been due some 90 days he asked Crutchfield about it, who said that the proceeds of the note had been placed to the credit of Rowe and Fellows as partners, and Rowe was allowed to testify that he then told Crutchfield that he was not a partner with Fellows in that matter. This conversation was excepted to as irrelevant, the bank being an innocent purchaser for value.

It appears from the evidence that Rowe and Fellows were farming together in partnership; that Rowe and his wife executed a note to Crutchfield, trustee, which was put into the hands of Fellows, his copartner, to negotiate with the bank. Fellows, whom he trusted to negotiate for this loan, had the proceeds placed to the credit of Rowe and Fellows, and the money was checked out by Fellows by checks drawn in the name of the firm, and the bank had no notice or knowledge other than that given to it by Fellows, who brought the note to the bank. Fellows having brought the mortgage and note for discount, notified the cashier of the bank to place the same to the credit of Rowe and Fellows, who, the cashier knew, as he testified, were in partnership, and the proceeds having been drawn out by checks drawn in the name of the firm, there was nothing to put the bank on notice, and the defendant Rowe, nothing else appearing in the evidence, the plaintiff claims was bound by his acquiescence not only during the four months for which the note

was given, but for three months thereafter, and excepts that the court did not direct a verdict in favor of the plaintiff on the ground that when there is a loss in a case of this kind, it should be borne by the one whose carelessness has contributed to the misfortune.

There was no contradiction that Rowe and Fellows were farming jointly; that the note was placed in the hands of Fellows by the authority of Rowe, and carried by him to the bank; that the proceeds were placed to their joint account, and the proceeds drawn out by checks in their joint name, and that Rowe made no objection and gave no notice of any dissent until at least seven months had passed. In the absence of evidence contradicting any part of this testimony, the court might have directed a verdict against the maker of the note. The defendant was guilty of gross negligence by his acquiescence for seven months, three months after the maturity of the note. On such conduct the cashier, knowing of the partnership, was not guilty of negligence in paying out the proceeds upon such checks.

The most serious error, however, is this: The cashier of the bank, J. E. Crutchfield, was asked to explain the transaction, and tell all that he knew about it. The court sustained an objection to this testimony, which was certainly relevant and competent. The record states that the cashier would have testified that Fellows stated to him that he had paid more than his share of the expenses of their joint farming, and that if Rowe would pay up what he owed him they would carry on the business; and if he could get a loan for Rowe, Rowe would pay him; that Fellows brought him this note and mortgage, which was credited to the account of Fellows and Rowe, and the proceeds were drawn out by checks signed "Rowe and Fellows"; that Rowe never came to see him nor had any conversation about it, and that the entire transaction was with Fellows. This evidence was very material, both as corroborative and substantive evidence, and the court erred in not admitting this testimony, which was also in contradiction of Rowe. *Powell v. Lumber Co.*, 168 N. C., 632.

It was also error to exclude the question to Crutchfield, whether he knew that Rowe and Fellows were in business together at that time. It was admitted that he would have testified, "They were operating a farming partnership. He (Crutchfield) never spoke to Rowe about this loan in controversy. Fellows negotiated the loan. He had the conversation with him about negotiating the loan on Rowe's note, as above stated, and two or three weeks later he returned with the paper signed, which the bank discounted." This evidence was competent in contradiction of Rowe, and competent to show that the bank was without knowledge or information that Fellows was not authorized to make the transaction.

The court also excluded the question to Fellows: "Was it the understanding between you and Rowe that the discounted loan was to pay for money you had advanced Rowe up to that time?" The record states that the witness would have replied that "It was understood that Rowe agreed to borrow the money for this purpose. Rowe and I were farming on the Moore plantation." He then stated the quantity of land and the extent of the operations and that the money was checked out to pay the bills as they came in in their farming operations, and he added: "I checked the money out to pay the bills that came up, and I gave Rowe credit." According to the testimony of this witness, as the agent of Rowe he negotiated the loan, was directed to carry the mortgage and note to the bank, and had the money placed to the credit of Rowe and Fellows, and checked the money out to pay their joint bills. The competence of this testimony is apparent, and it was error to exclude it.

There was no evidence tending to show that any fraud was practiced on the defendants, and in the placing of the proceeds of the discounted note of Rowe to the credit of Rowe and Fellows. The evidence shows that the bank was an innocent purchaser for value, and upon this evidence, if admitted, the court should have directed a verdict in favor of the plaintiff bank.

The plaintiff also excepted to the following charge: "The defendants, however, although they executed this note, and it was delivered to the bank, say they never received the proceeds of the note; now if such be the fact, gentlemen, then of course the defendants are not indebted to the plaintiff." This was erroneous, for if the bank took the note under the circumstances testified to, and according to the testimony erroneously excluded, the bank was a purchaser for value without notice, and was entitled to recover.

The court also erroneously charged as follows: "It is only in the event that it be a fact that the defendants received the proceeds of this note will they be indebted to the bank." This was telling the jury, without qualifications or explanations, that Rowe must have received the proceeds of the note; otherwise he would not be indebted to the plaintiff even though the bank received the note from his agent and the money was put to the credit of the partnership and drawn out and paid on the partnership debts.

The court also charged: "It is not necessary, however, gentlemen, for you to find that the proceeds of the note were paid directly to Z. P. Rowe and wife, or to either of them, that is, to them in person." This charge contradicts the previous instruction that if they never received the proceeds of the note the defendants were not indebted to the plaintiff, and is misleading to the jury.

It is not denied in this case that Fellows, by direction of Rowe, was entrusted with the mortgage and note, and that Fellows was told to take them to the bank, and that Rowe made no complaint or objection until many months after the note had matured. It was admitted that Fellows was Rowe's agent with respect to inquiring of the bank if it would discount this note, and in carrying the note to the bank. It was erroneous to rule out the evidence of J. E. Crutchfield and of J. P. Fellows, as above stated, which tended to show that Fellows was the agent of Rowe in having the note discounted and in placing it to the credit of the partnership of Rowe and Fellows. There were other errors assigned in the record, and which, we think, entitled the plaintiff to a new trial, but it is unnecessary further to discuss the exceptions. For the errors pointed out, there should be a

New trial.